M/IFP
#3

RECEIVED
DEC 06 2023
CLERK, U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT
OF PENNSYLVANIA

AO 241
(Rev. 10/07)

1:23cv346

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: WESTERN |
|---|---|
| Name (under which you were convicted): MARQUICE EVANS | Docket or Case No.: ~~CP-25-CR-0002901~~ CP-25-CR-2901-2015 |
| Place of Confinement: SCI-ALBION, 10745 Route 18, ALBION PA 16475 | Prisoner No.: NA-0188 |
| Petitioner (include the name under which you were convicted) MARQUICE EVANS | v. Respondent (authorized person having custody of petitioner) PATRICIA THOMPSON |
| The Attorney General of the State of PENNSYLVANIA | |

### PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   IN THE COURT OF COMMON PLEAS, ERIE COUNTY, CRIMINAL DIVISION, 140 W. 6TH STREET, ERIE PA 16501 • SUPERIOR COURT OF PENNSYLVANIA, 313 GRANT, SUITE 600, PITTSBURGH PA 15219
   (b) Criminal docket or case number (if you know): CP-25-CR-0002901-2015

2. (a) Date of the judgment of conviction (if you know): SEPTEMBER 28th 2016
   (b) Date of sentencing: NOVEMBER 10th 2016

3. Length of sentence: LIFE PLUS 47 to 94 YEARS

4. In this case, were you convicted on more than one count or of more than one crime?  ☒ Yes  ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:
   CRIMINAL CONSPIRACY - FIRST DEGREE MURDER, FIRST DEGREE MURDER, AGGRAVATED ASSUALT, BURGLARY, RECKLESSLY ENDANGERING ANOTHER PERSON, ACCESS DEVICE FRAUD, UNLAWFUL RESTRAINT, POSSESSION AN INSTRUMENT OF CRIME

6. (a) What was your plea? (Check one)
   ☒ (1) Not guilty   ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty        ☐ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

I PLEAD NOT GUILTY TO ALL CHARGES AT MY FORMAL ARRAIGNMENT NOVEMBER 6th 2015.

(c) If you went to trial, what kind of trial did you have? (Check one)
☑ Jury    ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?
☐ Yes    ☑ No

8. Did you appeal from the judgment of conviction?
☑ Yes    ☐ No

9. If you did appeal, answer the following:

(a) Name of court: SUPERIOR COURT OF PENNSYLVANIA - WESTERN

(b) Docket or case number (if you know): 1925 WDA 2016

(c) Result: AFFIRMED

(d) Date of result (if you know): FEBRUARY 26th 2018

(e) Citation to the case (if you know): 185 A.3d 1146

(f) Grounds raised:
BRUTON CLAIM, KOCH/AUTHENTICATION CLAIM, PENNSYLVANIA RULE OF EVIDENCE 803 CLAIM, SUFFICIENCY OF EVIDENCE CLAIM.

(g) Did you seek further review by a higher state court?    ☑ Yes    ☐ No

If yes, answer the following:

(1) Name of court: SUPREME COURT OF PENNSYLVANIA - WESTERN

(2) Docket or case number (if you know): 124 WAL 2018

(3) Result: PETITION FOR ALLOWANCE OF APPEAL - DENIED

(4) Date of result (if you know):
SEPTEMBER 5th 2018

AO 241 (Rev. 10/07)                                                                                              Page 4

(5) Citation to the case (if you know): 648 Pa. 338; 193 A.3d 346; 2018 Pa. Lexis 4640

(6) Grounds raised:

SAME AS IN MY DIRECT APPEAL,
◦ Bruton claim, Koch/Authentication claim, Pennsylvania Rule of Evidence 803 claim, Sufficiency of Evidence claim.

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:



(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☐ Yes   ☒ No

11. If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:










(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☐ No

(7) Result:

(8) Date of result (if you know):

AO 241 (Rev. 10/07)

Page 5

    (b) If you filed any second petition, application, or motion, give the same information:

        (1) Name of court:

        (2) Docket or case number (if you know):

        (3) Date of filing (if you know):

        (4) Nature of the proceeding:

        (5) Grounds raised:



N/A

        (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

        ☐ Yes    ☐ No

        (7) Result:

        (8) Date of result (if you know):

    (c) If you filed any third petition, application, or motion, give the same information:

        (1) Name of court:

        (2) Docket or case number (if you know):

        (3) Date of filing (if you know):

        (4) Nature of the proceeding:

        (5) Grounds raised:

N/A

AO 241 (Rev. 10/07)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ☒ Yes   ☐ No
(2) Second petition:  ☐ Yes   ☐ No
(3) Third petition:   ☐ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL FOR FAILURE TO CHALLENGE LEGALITY OF ARREST VIOLATING THE FOURTH AMENDMENT DUE TO AN AFFIDAVIT OF PROBABLE CAUSE NOT BEING FILED IN MY CASE FOR ARREST WARRANT.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

CP-25-CR-0002901-2015 RECORD DEMONSTRATES THAT ON AUGUST 19th 2015 A CRIMINAL COMPLAINT WAS FILED AGAINST ME WITHOUT AN AFFIDAVIT OF PROBABLE CAUSE ATTACHED OR FILED IN THE CASE, DISPLAYING A VIOLATION OF MY FOURTH AMENDMENT RIGHT CONCERNING THE PROHIBITION OF WARRANTS WITHOUT PROBABLE CAUSE. THE ISSUANCE OF THE ARREST WARRANT DOES NOT APPEAR IN THE RECORD AND BASED UPON THE CRIMINAL COMPLAINT AND ISSUANCE OF ARREST WARRANT I AM UNLAWFULLY INCARCERATED IN A STATE PRISON. DOC.

(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241 (Rev. 10/07)

Page 7

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:

WAITED UNTIL POST CONVICTION PROCEEDINGS (P.C.R.A.)

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: P.C.R.A. PETITION

Name and location of the court where the motion or petition was filed:
~~COURT OF COMMON PLEAS, ERIE COUNTY, ERIE COUNTY COURTHOUSE, 140 W. 6th ST, ERIE PA 16502.~~ SUPERIOR COURT OF PENNSYLVANIA - WESTERN, 313 GRANT, SUITE 600, PITTSBURGH PA 15219

Docket or case number (if you know): CP-25-CR-0002901-2015 (1865, 1866, 1867 WDA 2019) ← Superior Court Docket

Date of the court's decision: MARCH 8th 2021

Result (attach a copy of the court's opinion or order, if available): (EXHIBIT 1)
VACATED | REMANDED

(3) Did you receive a hearing on your motion or petition?    ☒ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☒ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
SUPERIOR COURT OF PENNSYLVANIA- WESTERN, 313 GRANT STREET, STE. 600, PITTSBURGH PA 15219

Docket or case number (if you know): 1093 WDA 2022

Date of the court's decision: SEPTEMBER 22, 2023

Result (attach a copy of the court's opinion or order, if available): (EXHIBIT 2)
AFFIRMED

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241 (Rev. 10/07)

Page 8

---(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: PCRA EVIDENTIARY HEARING ON OCTOBER 25th 2021.

**GROUND TWO:** MY DUE PROCESS RIGHTS CONTAINED IN THE 14th AMENDMENT WERE VIOLATED WHEN TRIAL COUNSEL FAILED TO FORENSIC TEST THE DUCT TAPE WITH THE BLOODY FINGERPRINTS FOUND ON COUCH OF CRIME SCENE.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

THERE WAS A PARTIAL ROLL OF DUCT TAPE WITH BLOODY FINGERPRINTS FOUND ON THE VICTIMS COUCH OF THE CRIME SCENE I WANTED FORENSIC TESTED BY MY TRIAL ATTORNEY (COMMONWEALTHS TRIAL EXHIBITS 9, 10, 11) HOWEVER I WAS NOT AFFORDED THE OPPORTUNITY TO TEST THIS CRUCIAL PIECE OF EVIDENCE THAT WAS USED TO CONVICT ME TO ESTABLISH IF I WAS THE ACTUAL CONTRIBUTOR WHO LEFT THE BLOODY FINGERPRINTS ON THE INSIDE PARTIAL ROLL OF DUCT TAPE. I DO NOT WANT TO TEST THE DUCT TAPE MASK ON THE VICTIMS FACE FOR DNA. I WOULD LIKE TO TEST THE BLOODY FINGERPRINTS ON THE INSIDE ROLL TO PROVE MY INNOCENCE AND ESTABLISH THE HANDLER.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes  ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:

WAITED UNTIL POST CONVICTION PROCEEDING (P.C.R.A.) I FELT IT WAS AN INEFFECTIVE ASSISTANCE OF COUNSEL ISSUE.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: P.C.R.A

Name and location of the court where the motion or petition was filed:
ERIE COURT OF COMMON PLEAS, 140 W. 6TH STREET, ERIE PA 16503

Docket or case number (if you know): CP-25-CR-0002901-2015, 1866 WDA 2019, 1093 WDA 2022

Date of the court's decision: August 12th 2022

AO 241 (Rev. 10/07)

Page 9

Result (attach a copy of the court's opinion or order, if available): (EXHIBIT 3)
DENIED,

(3) Did you receive a hearing on your motion or petition?  ☒ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
SUPERIOR COURT OF PENNSYLVANIA - WESTERN, 313 GRANT, Suite 600
PITTSBURGH PA 15219

Docket or case number (if you know): 1093 WDA 2022

Date of the court's decision: SEPTEMBER 22, 2023

Result (attach a copy of the court's opinion or order, if available):
AFFIRMED (EXHIBIT 2)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two.

PCRA EVIDENTIARY HEARING OCTOBER 25th 2021

**GROUND THREE:** INEFFECTIVE ASSISTANCE OF COUNSEL VIOLATING MY SIXTH AMENDMENT FOR FAILING TO PROVIDE ME AN OPPORTUNITY TO CONFRONT MY ACCUSER AT MY PRELIMINARY HEARING AND AT TRIAL VIOLATING MY CONFRONTATION CLAUSE.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

I WAS NEVER PROVIDED AN OPPORTUNITY TO CONFRONT MY ACCUSER AT THE PRELIMINARY HEARING WHICH WAS BOUND TO TRIAL ON HEARSAY EVIDENCE BY THE FACT THE DETECTIVE TESTIFIED TO WHAT MY CO DEFENDANT TOLD HIM INSTEAD OF PRESENTING HER AND AT TRIAL ADMITTING TEXT MESSAGES FROM HER CELL PHONE WITHOUT PRESENTING HER. A MOTION FOR SEVERANCE WAS FILED BY MY ATTORNEY TO PROVIDE THAT OPPORTUNITY, WHICH WAS GRANTED AND I WAS AT TRIAL WAITING TO EXERCISE MY CONFRONTATION CLAUSE. HOWEVER MY ACCUSER WAS NEVER PROVIDED FOR ME TO CROSS-EXAMINE

AO 241 (Rev. 10/07)

Page 10

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

IT WAS PRESERVED IN MY ORIGINAL PCRA PETITION AND LEFT OUT MY AMENDED PCRA PETITION BY MY APPELLATE COUNSEL.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:** PROSECUTORIAL MISCONDUCT DISPLAYED BY THE COMMONWEALTH VIOLATING MY EQUAL PROTECTION CLAUSE, DUE PROCESS CLAUSE FOR FAILING TO PROVIDE ME WITH AN AFFIDAVIT OF PROBABLE CAUSE FOR MY ARREST VIOLATING MY FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

I WAS NOT PROVIDED WITH AN AFFIDAVIT OF PROBABLE CAUSE FOR MY ARREST AND THERE IS NOT ONE ON FILE FOR CP-25-CR-0002901-201 VIOLATING MY FOURTH AMENDMENT OF UNITED STATES CONSTITUTION BILL OF RIGHTS. I WAS KIDNAPPED BY THE ERIE POLICE DEPARTMENT AND FORCED TO SERVE A LIFE PLUS 47 TO 94 YEAR SENTENCE. SPECIFICALLY, CAPTAIN RICH LORAH AND DETECTIVE SEAN BOGART OF THE ERIE POLICE DEPARTMENT ALSO JUDGE ERIN CONNELLY WAS THE PROSECUTOR ALONG WITH PAUL SELLERS, ESQUIRE. THIS FACT WAS BROUGHT TO THEIR ATTENTION OF SEVERAL OCCASSIONS AND IGNORED DISPLAYING AN ABUSE OF POWER.

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: PCRA PETITION

AO 241 (Rev. 10/07)

Page 12

Name and location of the court where the motion or petition was filed:
SUPERIOR COURT OF PENNSYLVANIA - WESTERN, 313 GRANT, Suite 600, PITTSBURGH PA 15219

Docket or case number (if you know): 1866 WDA 2019

Date of the court's decision: ~~VACATED/REMANDED~~ MARCH 8th 2021

Result (attach a copy of the court's opinion or order, if available):
VACATED / REMANDED

(3) Did you receive a hearing on your motion or petition?   ☒ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☒ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
I RAISED IT UNDER THE INEFFECTIVE ASSISTANCE OF COUNSEL DOCTRINE, HOWEVER THE PROSECUTOR SHOULD BE HELD RESPONSIBLE TOO BECAUSE THEY MUST CONSULT ON ALL CHARGES BEFORE AN AFFIDAVIT OF PROBABLE CAUSE IS TYPED UP AND PRESENTED TO A MAGISTRATE JUDGE FOR AN ARREST. HOWEVER THERE IS NO AFFIDAVIT OF PROBABLE CAUSE FILED IN THIS CAS

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241 (Rev. 10/07)                                                                                                    Page 13

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☒ Yes  ☐ No

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

   GROUND FOUR WAS PRESENTED UNDER INEFFECTIVE ASSISTANCE OF COUNSEL. HOWEVER AN AFFIDAVIT OF PROBABLE CAUSE NOT FILED IN A HOMICIDE CASE IS CRITICAL FOR ALL PARTIES INVOLVED DUE TO THE SIGNIFICANCE OF THE PROCEDURE. AN AFFIDAVIT OF PROBABLE CAUSE MUST BE COMPLETED BEFORE A WARRANT CAN BE ISSUED. THERE IS NOT ONE FILED IN THIS CASE.

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☒ Yes  ☐ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. UNITED STATES DISTRICT COURT- WESTERN, 17 SOUTH PARK ROW, ERIE PA 16501, DOCKET # 1:21-CV-00263, CIVIL ACTION, o ISSUES RAISED FALSE ARREST, FALSE IMPRISONMENT, MALICIOUS PROSECUTION ARISING FROM A CRIMINAL COMPLAINT THAT WAS FILED AGAINST ME AUGUST 19th 2015 o DECEMBER 9th IT WAS DISMISSED WITHOUT PREJUDICE UNTIL THE OUTCOME OF MY CRIMINAL PROCEEDINGS RESOLVED IN MY FAVOR. (EXHIBIT 4)

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes  ☒ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

AO 241 (Rev. 10/07)                                                                                                             Page 14

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: BRUCE SANDMEYER, ESQUIRE, 1001 STATE STREET, ERIE PA 16501

(b) At arraignment and plea:

SAME AS SUBSECTION (a)

(c) At trial:

SAME AS SUBSECTION (a)

(d) At sentencing:

SAME AS SUBSECTION (a)

(e) On appeal:

EMILY MERSKI, ESQUIRE, 3820 LIBERTY STREET, ERIE PA 16509

(f) In any post-conviction proceeding:

JAMES P. MILLER, ESQUIRE - 1001 STATE ST, SUITE 1404, ERIE PA 16501
DONALD WAGNER ESQUIRE - 731 FRENCH ST, ERIE PA 16501
TINA FRYLING, ESQUIRE - 4402 PEACH ST, SUITE 3 ERIE PA 16509

(g) On appeal from any ruling against you in a post-conviction proceeding:

SAME AS ABOVE, SUBSECTION (F)

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☐ Yes ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☐ Yes ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

1. (A) - THE DATE ON WHICH THE JUDGEMENT BECAME FINAL BY THE CONCLUSION OF DIRECT REVIEW OR THE EXPIRATION OF THE TIME FOR SEEKING SUCH REVIEW HAS NOT EXPIRED. MY DECISION WAS MADE FINAL OCTOBER 22, 2023.

AO 241 (Rev. 10/07)

Page 15

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 10/07)                                                                                                          Page 16

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

① APPOINTMENT OF COUNSEL DUE TO THE Complexity OF THE CASE.
②. EVIDENTIARY HEARING CONCERNING THE UNFILED AFFIDAVIT OF PROBABLE CAUSE
③ DNA TESTING OF THE PARTIAL ROLL OF DUCT TAPE WITH BLOODY FINGERPRINTS
or any other relief to which petitioner may be entitled.   ④ DISCHARGE FROM CUSTODY

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on 12/4/23 (month, date, year).

Executed (signed) on 11/20/23 (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.